DAVID A. WIMMER (State Bar No. 155792)
  E-Mail: dwimmer@swerdlowlaw.com
ALLISON R. MUSANTE (State Bar No. 172255)
  E-Mail: amusante@swerdlowlaw.com
**SWERDLOW FLORENCE**
  **SANCHEZ SWERDLOW & WIMMER**
A Law Corporation
9401 Wilshire Blvd., Suite 828
Beverly Hills, California 90212
Telephone: (310) 288-3980
Facsimile: (310) 733-1727

Attorneys for Defendants McLane
Foodservice Distribution, Inc., and
McLane Foodservice, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION

| | |
|---|---|
| JOSEPH GARCIA, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>MCLANE FOOD SERVICES ONTARIO, an entity of unknown form; MCLANE FOODSERVICE DISTRIBUTION INC., a corporation; MCLANE FOODSERVICE INC., a corporation and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.  5:20-cv-1005<br><br>**DEFENDANTS MCLANE FOODSERVICE DISTRIBUTION, INC.'S AND MCLANE FOODSERVICE, INC.'S NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT**<br><br>Action Filed:        March 2, 2020 |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND PLAINTIFF'S ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants MCLANE FOODSERVICE DISTRIBUTION, INC. and MCLANE FOODSERVICE, INC. (collectively, "Defendants"), by and through their counsel, file this notice of removal pursuant to 28 U.S.C. Sections 1441 and 1446, asserting original diversity jurisdiction, pursuant to 28 U.S.C. Section 1332, to effect removal of the above-captioned action, which

was commenced in the Superior Court of the State of California for the County of San Bernardino, and state that removal is proper for the following reasons:

## PLEADINGS AND PROCEEDINGS

1. On March 2, 2020, Plaintiff Joseph Garcia ("Plaintiff") commenced this civil action against Defendants by filing a Complaint (the "Complaint") in the Superior Court of the State of California, County of San Bernardino, captioned *Joseph Garcia v. McLane Food Services Ontario; McLane Foodservice Distribution, Inc.; McLane Foodservice Inc.; and DOES 1 through 20, inclusive*, Case No. CIV DS 2006112 (the "State Court Action"), a true and correct copy of which is attached hereto as Exhibit A (along with its Summons and related papers).

2. On April 14, 2020, Defendants were served with the Complaint and Summons. See Declaration of Stuart Masters ("Masters Decl.") at ¶ 15.

3. Defendants are informed and believe, and based thereon aver, that the aforementioned documents and exhibits constitute all of the processes, pleadings, and orders on file in the State Court Action.

4. Although McLane Food Service Ontario was named as a Defendant in the Complaint, no such legal entity exists that is affiliated with Defendants or their parent company, McLane Company, Inc. See Masters Decl. at ¶ 14. Therefore, this is a fictitious defendant and should be disregarded for the purposes of removal. 28 U.S.C. § 1441(b)(1).

5. Defendants are informed and believe, and based thereon aver, that there has been no service of process upon any "Does," all of whom are fictitious defendants and therefore should be disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1).

## TIMELINESS OF REMOVAL

6. This Notice of Removal is timely because it is being filed within thirty days of Defendants' receipt of the Summons and Complaint on April 14, 2020. 28 U.S.C. § 1446(b); see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526

SWERDLOW FLORENCE SANCHEZ SWERDLOW & WIMMER
9401 WILSHIRE BLVD., SUITE 828
BEVERLY HILLS, CALIFORNIA 90212
TEL (310) 288-3980 • FAX (310) 733-1727

U.S. 344, 356 (1999) (noting the thirty-day removal period runs from the service of the summons and complaint).

## REMOVAL JURISDICTION – DIVERSITY

7. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. Section 1332, and Defendants may remove it from state to federal court pursuant to 28 U.S.C. Section 1441(b), in that this action involves citizens of different states and the amount in controversy exceeds the sum or value of Seventy Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

8. As required by 28 U.S.C. Section 1441, Defendants removed this action to the United States District Court for the Central District of California, which is the District Court embracing the place where the State Court Action was filed.

9. In accordance with 28 U.S.C. Section 1446(d), Defendants have given contemporaneous written notice of this Notice of Removal to all adverse parties and will provide notice to the Clerk of the State Court.

## CITIZENSHIP OF THE PARTIES

10. **Plaintiff's Citizenship**. Plaintiff is, and at all times relevant to this Complaint has been, a resident of the State of California. See Exhibit A (Complaint) at ¶ 2. Additionally, at all times during Plaintiff's employment with Defendant McLane Foodservice Distribution, Inc., Plaintiff's home address of record was in California. See Masters Decl. at ¶ 9. And, Plaintiff's place of employment with Defendant McLane Foodservice Distribution, Inc. was at all times relevant located in San Bernardino County in the State of California. See Exhibit A (Complaint) at ¶ 4; Masters Decl. at ¶ 10. Defendants further are informed and believe, and based thereon aver, that Plaintiff has the intent to remain in California and is a citizen of California. See Mondragon v. Capital One Auto Finance, 736 F.3d 880, 885 (9th Cir. 2013) (holding that, in connection with removal to federal court, a person's continuing domicile in a state establishes citizenship "unless

rebutted with sufficient evidence of change"); see also Lew v. Moss, 797 F.2d 747, 751-52 (9th Cir. 1986) (holding that California was state of domicile for party with a California residential address and California drivers' license).

11. **Defendants McLane Foodservice Distribution, Inc.'s and McLane Foodservice, Inc.'s Citizenship**.

a. As shown on the California Secretary of State's Business Entity Website, Defendant McLane Foodservice Distribution, Inc. is a corporation formed and existing under the laws of the State of North Carolina.

```
C1628427   MCLANE FOODSERVICE DISTRIBUTION, INC.

Registration Date:              11/21/1988
Jurisdiction:                   NORTH CAROLINA
Entity Type:                    FOREIGN STOCK
Status:                         ACTIVE
Agent for Service of Process:   C T CORPORATION SYSTEM (C0168406)
                                To find the most current California registered Corporate Agent for Service of Process
                                address and authorized employee(s) information, click the link above and then select the
                                most current 1505 Certificate.

Entity Address:                 4747 MCLANE PARKWAY
                                TEMPLE TX 76504
Entity Mailing Address:         4747 MCLANE PARKWAY
                                TEMPLE TX 76504
```

See URL https://businesssearch.sos.ca.gov/ (search terms entered: "McLane Foodservice Distribution, Inc."). Plaintiff's allegation that McLane Foodservice Distribution, Inc. is a California corporation is incorrect. See Exhibit A (Complaint) at ¶ 4.

b. As shown on the California Secretary of State's Business Entity Website, Defendant McLane Foodservice, Inc. is a corporation formed and existing under the laws of the State of Texas.

///
///

| | |
|---|---|
| C2327493 | MCLANE FOODSERVICE, INC. |
| Registration Date: | 01/16/2001 |
| Jurisdiction: | TEXAS |
| Entity Type: | FOREIGN STOCK |
| Status: | ACTIVE |
| Agent for Service of Process: | C T CORPORATION SYSTEM (C0168406) |
| | To find the most current California registered Corporate Agent for Service of Process address and authorized employee(s) information, click the link above and then select the most current 1505 Certificate. |
| Entity Address: | 4747 MCLANE PARKWAY TEMPLE TX 76504 |
| Entity Mailing Address: | P O BOX 6115 TEMPLE TX 76503 |

See URL https://businesssearch.sos.ca.gov/ (search terms entered: "McLane Foodservice, Inc.").

      c.     At the time this action was filed and at the time this Notice of Removal was filed, Defendants' principal places of business were and are in Texas. See Masters Decl. at ¶¶ 5-6. The business activities of Defendants, including material business decisions affecting the entirety of both companies, are directed, controlled, and coordinated through the personnel who work at Defendants' executive offices in Temple, Texas, as well as the personnel who work at Defendants' corporate headquarters located in Carollton, Texas . Id. at ¶ 5. Additionally, a majority of Defendants' executive team, including the Chief Executive Officer, Corporate Secretary and Chief Financial Officer, have their main business offices located in, and work out of, Defendants' executive offices in Temple, Texas. Id. at ¶ 6. Thus, at all relevant times, Defendants were not and are not citizens of the State of California, but rather were and are citizens of the State of Texas or the purposes of determining jurisdiction. See Hertz Corp. v. Friend, 559 U.S. 77, 91-92 (2010) (for the purposes of removal, the "nerve center" test applies, whereby a corporation is deemed to be a citizen of the state where the corporation's officers direct, control and coordinate the corporation's activities).

d. Defendants are, therefore, for the purposes of removal, and pursuant to 28 U.S.C. Section 1332(c), citizens of the States of North Carolina and Texas. They are not citizens of California.

## AMOUNT IN CONTROVERSY

12. Defendants deny any liability as to Plaintiff's claims. Based on the allegations, claims, and Prayer for Relief set forth in the Complaint, however, the amount in controversy in this action, exclusive of interest and costs, exceeds the sum of $75,000.00. All calculations supporting the amount in controversy are based on Plaintiff's potential recovery pursuant to the claims alleged in the Complaint, assuming, without any admissions, the truth of any of the allegations, and assuming liability (which is disputed) could be established.

13. The removal statute provides that a notice of removal must only "contain[] a short and plain statement for the grounds for removal." 28 U.S.C. § 1446(a). As the Supreme Court held in Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 84 (2014), "a statement 'short and plain' **need not contain evidentiary submissions**." (Emphasis added.) Rather, it "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Id. at 89. In so, holding, the Supreme Court confirmed that district courts "should 'apply the same liberal rules [to removal allegations] that are applied to other matters of pleading.'" Id. at 87 (citations omitted). Thus, "when a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court." Id. In this matter, Plaintiff's Complaint does not specify a particular amount of damages. To the extent anything beyond a plausible allegation standard may be found to apply, then – at most – when a complaint is silent on the amount in controversy, the defendant need only prove by a preponderance of the evident that the amount in controversy exceeds $75,000. See Sanchez v. Monumental Life Ins. Co., 102 F. 3d 398, 404 (9th Cir. 1996). To satisfy the preponderance of the

evidence test, a defendant must simply provide evidence that it is "**more likely than not**" that the amount in controversy is satisfied. Id. (emphasis added). The preponderance standard is not a "daunting" standard. Muniz v. Pilot Travel Centers LLC, No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504, at *2 (E.D. Cal. May 1, 2007); see also Valdez v. Allstate Ins. Co., 372 F. 3d 1115, 1117 (9th Cir. 2004) ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy").

14. The amount in controversy may include general and special compensatory damages, along with attorneys' fees that are recoverable by statute. Galt G/S v. JSS Scandinavia, 142 F. 3d 1150, 1155-56 (9th Cir. 1998); Goldberg v. CPC Int'l, Inc., 678 F. 2d 1365, 1367 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amount). The amount in controversy may also include punitive damages and emotional distress damages. Gibson v. Chrysler Corp., 261 F. 3d 927, 945 (9th Cir. 2001); Kroske v. US Bank Corp., 432 F. 3d 976, 980 (9th Cir. 2005).

15. Plaintiff alleges Defendants discriminated and retaliated against him on the basis of his alleged perceived or actual disability and/or medical condition and his use of medical leave, failed to prevent discrimination, harassment and retaliation, failed to accommodate his alleged disability, and failed to engage in the interactive process in violation of California's Fair Employment and Housing Act ("FEHA"). See Exhibit A (Complaint) at ¶¶ 29-69. Plaintiff further alleges he was wrongfully terminated in violation of public policy. See id. at ¶¶ 70-78. Plaintiff is seeking compensatory damages, including for lost wages and related benefits, as well as general damages for emotional distress. See id. at ¶¶ at 26-27, and Prayer for Relief. Lastly, Plaintiff seeks unspecified amounts for punitive damages and attorneys' fees. See id. at ¶¶ 28, 38-39, 49-50, 54-55, 61-62, 68-69, 78, and Prayer for Relief.

///

16. **Wrongful Termination Claims**.

   a. Plaintiff is seeking to recover compensatory damages, including lost wages and related benefits, on his claim that he was terminated in violation of public policy.  See id. at ¶¶ 70-78.

   b. Plaintiff worked for Defendant McLane Foodservice Distribution, Inc. from February 17, 2019, through April 3, 2019.  See Masters Decl. at ¶ 8.  Plaintiff's hourly rate of pay was $20.00 an hour, and he worked five days a week, approximately eight hours a day, and he was paid bi-weekly.  Id. at ¶¶11-13.  Accordingly, his average weekly wages were $800 per week.

   c. For purposes of determining the value of Plaintiff's claim for lost wages only (i.e., without considering the potential value of other lost employment benefits, and exclusive of interest), Defendants conservatively estimate that this matter will conclude by March 11, 2022, or within an estimate of 22 months from its removal from state court.[1]  Thus, Plaintiff's claim for lost wages would span approximately 153 weeks, from April 3, 2019 (Plaintiff's date of termination from Defendant McLane Foodservice Distribution, Inc.), through May 11, 2022.

   d. Based on Plaintiff's average weekly compensation with Defendant McLane Foodservice Distribution, Inc., Plaintiff's lost wages over this 153-week period (April 3, 2019, through May 11, 2022) are estimated to be **$122,400.00** ($800 x 153 weeks).[2]

---

[1] See the chart of the Comparison of Districts Within the Ninth Circuit — 12-Month Period Ending December 31, 2019, available at URL https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison1231.2019.pdf (observing median time interval from filing to trial of civil cases in the Central District of California to be 22.3 months).

[2] Even if the Court only considered Plaintiff's lost wages from the date of termination until the filing of this Removal (i.e., from April 3, 2019, to May 12, 2020), Plaintiff's lost wages for that approximately 57-week period would be $45,600.00 ($800 x 56 weeks).  See infra.

17.  **Emotional Distress Damages**.  Plaintiff's Complaint also seeks to recover damages for alleged emotional distress.  See Exhibit A (Complaint) at ¶ 27, and Prayer for Relief.  "In order to establish the amount of emotional distress and punitive damages in controversy, a defendant may introduce evidence of jury verdicts in cases involving analogous facts."  Rivera v. Costco Wholesale Corp., No. C 08-02202 CW, 2008 WL 2740399, at *4 (N.D. Cal. July 11, 2008).  California courts have recognized that emotional distress damages in successful employment cases "may be **substantial**."  Simmons v. PCR Tech., 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) (emphasis added); Richard v. Allstate Ins. Co., 897 F. Supp. 477, 450 (S.D. Cal. 1995) (emphasis added).  Consistent with the foregoing, awards for emotional distress damages in employment actions frequently exceed the $75,000 amount in controversy.  See e.g., Lemke v. BCI Coca-Cola of Los Angeles, JVR No. 810360, 2004 WL 5825304 (Dec. 1, 2004) (**$135,000** emotional distress damages awarded in wrongful termination action); Anderson v. American Airlines, JVR No. 809385, 2008 WL 4793279 (N.D. Cal. July 1, 2008) (**$1 million** emotional distress damages awarded in federal wrongful termination action); Grodzik v. California Conservation Corps., JVR No. 810571, 2010 WL 3898722 (June 1, 2010) (**$159,152** emotional distress award to plaintiff on retaliation claims).  In Kroske, 432 F.3d at 980, the Ninth Circuit held that the district court properly estimated $25,000 for emotional distress damages for purposes of satisfying the amount-in-controversy requirement where the plaintiff's wage loss was only $55,000.  Accordingly, as in Kroske, Defendants conservatively estimate that the minimum value of Plaintiff' emotional distress claims is at least **$25,000** for purposes of calculating the amount in controversy in this action.

18.  **Punitive Damages**.  In addition, Plaintiff seeks punitive and/or exemplary damages against Defendants.  See Exhibit A (Complaint) at ¶¶ 28, 38, 49, 54, 61, 68, 78 and Prayer for Relief.  The Ninth Circuit has held that punitive damages should be considered by a district court in determining the amount in

controversy where they are recoverable as a matter of law.  See Gibson, 261 F.3d at 945.  In State Farm Mut. Auto Ins. Co. v. Campbell, 538 U.S. 408, 425 (2003), the United States Supreme Court held that the longstanding historical practice of setting punitive damages at two, three or four times the size of contemporary damages, while "not binding," is "instructive," and that "[s]ingle digit multipliers are more likely to comport with due process."  Here, as shown above, Plaintiff is seeking compensatory and general damages of at least $147,400.00 relating to his wrongful termination claims ($122,400.00 + $25,000.00).  Utilizing the ration of 2:1 that State Farm found to be "instructive" (but without conceding its ultimate propriety for use in this case), and basing any potential exemplary damages award solely on the wrongful termination damages at issue in this action, the potential punitive damages award in this action is approximately **$294,800.00**, even though Defendants deny that Plaintiff has properly allege or can ultimately establish the necessary conditions for obtaining exemplary damages.

       19.   **Attorneys' Fees**.

          a.   Plaintiff also seeks an award of attorneys' fees.  See Exhibit A (Complaint) at ¶¶ 39, 50, 62, 69 and Prayer for Relief.  Although Defendants dispute that Plaintiff is entitled to any attorneys' fees in this action, where attorneys' fees are authorized by statute and expressly pleaded in the Complaint, they are appropriately part of the calculation of the "amount in controversy" for purposes of removal.  See Kroske, 432 F. 3d at 980.; Galt, 142 F. 3d at 1155-56 (holding that claims for statutory attorneys' fees are to be considered in determining whether the requisite amount is met for diversity jurisdiction regardless of whether the award is discretionary or mandatory).  Furthermore, the value placed on such fees is based on what would "necessarily accrue until the action is resolved." See Simmons, 209 F. Supp. 2d at 1034 (observing that the Ninth Circuit anticipated that district courts would consider post-removal attorneys' fees when determining the amount in controversy).

      b.     The Court's knowledge and experience in ruling on prevailing plaintiffs' motions for attorneys' fees in wrongful termination FEHA discrimination claims should indicate that it is "more likely than not" that Plaintiff will be seeking an attorneys' fees award of at least **$150,000** if this case is litigated to judgment in a jury trial.  See, e.g., Crawford v, DirecTV Inc., No. BC4175072010, WL 5383296 (Los Angeles Super. Ct. Sept. 29, 2010) (awarding approximately **$160,000** in attorneys' fees in wrongful termination action where the plaintiff's recovered damages were only $175,000); Campos v. Valley Family Health Ctr. Med. Group, Inc., 46 Trials Digest 10th 11, 2007 WL 3275361 (Fresno Super. Ct. May 9, 2007) (awarding **$117,165** in attorneys' fees to prevailing plaintiff in wrongful termination action).

20.    In sum, the reasonably calculated amount in controversy in this action based on the information in the Complaint and the information presently known and available to Defendants is as follows and exceeds $75,000:

| Monetary Recovery Sought | Amount |
|---|---|
| Wrongful Termination | $122,400.00 |
| Emotional Distress Damages | $25,000.00 |
| Punitive Damages | $294,800.00 |
| Statutory Attorneys' Fees | $150,000.00 |
| **Total** | **$592,200.00** |

21.    Accordingly, this United States District Court has original jurisdiction over this action pursuant to 28 U.S.C. Sections 1332 and 1441(b).

## VENUE

22.    This is a civil action originally filed in a California state court. Defendants are informed and believe that the events allegedly giving rise to this action occurred within this judicial district.  Accordingly, as the State Court Action

was filed in San Bernardino County, California, Defendants are entitled, pursuant to 28 U.S.C. Section 1441(a), to remove this action to the United States District Court for the Central District of California.

23. Nothing in this Notice of Removal is intended or should be construed as any type of express or implied admission by Defendants of any fact, of the validity or merits of any of the Plaintiff's claims, causes of action and allegations, or of any liability for the same, all of which are hereby expressly denied, or as any type of express or implied waiver or limitation of any of Defendants' rights, claims, remedies, and defenses in connection with this action, all of which are hereby fully and expressly reserved. Further, Defendants expressly reserve their right to amend or supplement this Notice and the evidence in support thereof to the fullest extent permitted by law.

DATED: May 11, 2020

SWERDLOW FLORENCE
  SANCHEZ SWERDLOW & WIMMER
A Law Corporation

By: *Allison Musante*
ALLISON R. MUSANTE
Attorneys for Defendants McLane Foodservice Distribution, Inc., and McLane Foodservice, Inc.